THE COUNTY OF WHITE PINE, Respondent, v. AUGUS-
TUS ASH, Appellant.

New Counties—Taxes on Proceeds of Mines. Under the Act creating White
Pine County, (Stats. 1869, 137) which took effect on April 1st, 1869, the
Assessor and ex officio Tax Collector proceeded in April to assess the proceeds
of mines in his county, and collected the tax levied on the same for the quarter
ending March 31st, 1869, and preceding the organization of the new county :
Held, that the tax for that quarter was properly assessed, levied, and collected
in and as of White Pine County.

First-quarter Taxes on Proceeds of Mines.    Taxes on proceeds of mines for
the first quarter of the year cannot be assessed, levied or collected, before the
first Monday of April of such year; and they are to be assessed, levied, and
collected by the officers of the county in which the mines are then situated,
though they may have been during such quarter in another county.

APPEAL from the District Court of the Eighth Judicial District,
White Pine County.

The facts are stated in the opinion.

F. W. Cole, for Appellant.

F. H. Kennedy, for Respondent.

[No briefs on file.]

By the Court, Johnson, J.:

This is an action to recover of defendant a stated amount of
moneys collected by him as taxes on the proceeds of mines in said
county.  The case was tried in the Court below on an agreed state-
ment of facts, and the judgment was for plaintiff, from which defend-
ant appeals.  The matters in issue will be explained by the following
statement :

By virtue of " An Act to create the County of White Pine, and
to provide for its Organization," (Stats. 1869, 137) which Act took
effect from and after the first day of April, 1869, a separate county
named as above was created out of territory which formerly was in
Lander County.  Under the Act referred to, defendant became

Assessor, and *ex officio* Collector of certain taxes in said County of White Pine ; that between first Monday of April and May, 1869, he assessed the proceeds for the previous quarter—ending March 31st—of the mines in said county. On the tenth of April, the Board of Commissioners of White Pine County levied the amount of tax authorized by law on such proceeds, which the defendant afterwards collected—the payment thereof being made under protest—on the grounds, we infer from counsel's points, that the product of these mines being for the quarter preceding the establishment of White Pine County, is therefore not taxable in said county ; and it is understood that defendant withholds these moneys merely for the purpose of having his responsibility, whether to the county or the protesting tax payer judicially determined, so that he may act advisedly in the premises. Therefore, the only question before us seems to be, whether the authorities of White Pine County had lawful right to assess, levy, and collect the taxes aforesaid, which question must necessarily be determined upon the statutes relating thereto. It is provided :

1st. That a tax shall be imposed upon the assessed value of all taxable property in the State, including the proceeds of mines and mining claims. (Stats. 1867, 159, Sec. 1.)

2d. The proceeds of all mines shall be assessed and taxed in the county wherein the mine or mines are located. (Stats. 1864–5, 308, Sec. 105.)

3d. The Assessor is required to assess the proceeds of mines in his county for the first quarter of the year, as in this case, between the first Monday of April and May. (Stats. 1864–5, 307, Sec. 101.) And the assessment and collection of such taxes in each quarter shall be for the preceding quarter year. (Stats. 1867, 160, Sec. 4.)

4th. The Assessor is required to pay these tax collections to the Treasurer of the county where assessed and collected. (Stats. 1864–5, 312, Sec. 114.)

It is seen that the organization of White Pine County dates back to the first day of April, 1869, after which time the powers and duties of its officers under the revenue laws of the State were precisely the same as in other counties. It is further shown, that the

mining tax for the quarter ending March 31st, 1869, could not be lawfully assessed, levied, or collected, before the first Monday—in this year the fifth day—of April. At this date, the mines from whence came the taxable product, by the creation of another county, had been withdrawn from the jurisdiction of Lander County and its officers. But this act did not absolve the mine-owner from liability for such tax, but simply transferred the assessment levy and collection of it to another set of officers, to wit: of the county in which the mines were located. This view is in harmony with the various provisions of statutes herein cited, nor do we find anything in conflict with it.

It therefore follows, that the defendant, as such Assessor, was fully empowered to collect these taxes, and payment thereof should be made to the Treasurer of White Pine County as by law provided.

Judgment affirmed.